**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Kennedy and Tomi Kennedy, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Home Finance, LLC, a Delaware limited liability company, et al.,<br><br>Defendants. | No. CV11-8109-PCT-DGC<br><br>**ORDER** |

Plaintiffs Marc and Tomi Kennedy filed a complaint against Chase Home Finance, LLC in Navajo County Superior Court on May 26, 2011. No. CV2011-00332. Defendant JPMorgan Chase Bank, N.A. ("Chase"), the successor by merger to Chase Home Finance LLC, removed the action to this Court on July 8, 2011. Doc. 1. On August 17, 2011, Plaintiffs filed a notice of bankruptcy. Doc. 10. The Court accordingly stayed proceedings until February 6, 2012. Doc. 11. The Court denied without prejudice Defendant's initial motion to dismiss (Doc. 6), with leave to re-file after the bankruptcy issues were resolved (Doc. 12).

In accordance with the Court's order (Doc. 12), Chase has renewed its motion to dismiss Plaintiffs' complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 14. The motion is fully briefed. Docs. 14, 16, 17. The parties have not requested oral argument. For the reasons that follow, the Court will grant the motion to dismiss and grant Plaintiffs leave to file an amended complaint.

## I.     Background.

Plaintiffs alleges the following material facts. On or about June 30, 2006, Plaintiffs closed escrow on their purchase of a property commonly known as 2475 Jicarilla Drive, Show Low, Arizona 85901 ("the Property"), and legally described as Lot 28, Ellsworth Heights. Doc. 1-1, at 4. They fell behind on their payments to Chase and defaulted on their mortgage in March 2008. *Id.* On October 31, 2008, Chase noticed a trustee's sale for January 30, 2009. *Id.* Chase representatives informed Plaintiffs that they did not need to make a payment on their mortgage until a forbearance plan had been established, and that the trustee's sale would be postponed as long as they were working toward completing the forbearance agreement. *Id.* The trustee's sale was postponed until February 13, 2009. *Id.* at 5. Plaintiffs promptly signed and returned the forbearance agreement ("the Agreement"), and Chase representatives assured them that they would be able to save their home as long as they abided by the terms of the agreement. *Id.* The trustee's sale nonetheless proceeded as scheduled on February 13, 2009. *Id.* At the time of the sale, Plaintiffs were away visiting family in Utah. *Id.* When they returned to the Property on or about February 17, 2009, they discovered that the locks had been changed. *Id.* at 6. Chase representatives informed Plaintiffs that records indicated that Plaintiffs still owned the Property. *Id.* Chase failed or refused to record an Affidavit and Cancellation of Trustee's Deed until September 14, 2009. *Id.* at 7. Plaintiffs have been unable to gain access to the Property, and believe that their personal property has been removed following the trustee's sale. *Id.*

Plaintiffs alleges six claims in the complaint: (1) breach of contract, (2) breach of the implied covenant of good faith, (3) fraud, (4) negligent misrepresentation, (5) conversion, and (6) unjust enrichment.

## II.    Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the nonmoving party.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067

(9th Cir. 2009) (citation omitted).  Legal conclusions couched as factual allegations "are not entitled to the assumption of truth," *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore "'are insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted).  To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III.   Discussion.**

Chase claims that because it did not receive a signed copy of the forbearance agreement prior to the trustee's sale, all of Plaintiffs' claims fail as a matter of law.  Doc. 14, at 4.  The Court will consider each of Plaintiffs' claims in turn.

**A.   Claim One: Breach of Contract.**

In an action for breach of contract, Plaintiffs must show the existence of a contract, breach of the contract, and resulting damages.  *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. App. 2004).  Chase argues that Plaintiffs cannot show breach of contract because they did not enter into a timely forbearance agreement and therefore Chase had the right to foreclose on the Property.  Doc. 14, at 3.

The Court may take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original)).  Such consideration is appropriate in the context of a motion to dismiss, and does not convert the motion into one for summary judgment.  *In re Stac*

*Elec. Sec. Lit.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996).

The deed of trust permits sale of the Property in the event that Plaintiffs default on their payments. Doc. 18-1, at 14 (Deed of Trust ¶ 22). The forbearance agreement expressly provides that it "will not be valid until a signed copy of the agreement is received in [Chase's] office. If the agreement is not returned, collection and/or foreclosure action will continue." Doc. 18-1, at 18. Plaintiffs signed the forbearance agreement on February 12, 2009 (Doc. 18-1, at 19), and Chase did not receive the signed agreement until February 17, 2009, at which point the trustee's sale had already occurred.

The Arizona statute of frauds provides that "[n]o action should be brought in any court" to enforce a contract "for the sale of real property or an interest therein" unless the contract is in writing and signed by the party to be charged. A.R.S. § 44-101(6). In Arizona, a mortgage is an interest in real property for the purpose of the statute of frauds. *Freeming Const. Co. v. Sec. Sav. & Loan Ass'n*, 566 P.2d 315, 317 (Ariz. App. 1977). A mortgage loan agreement must therefore be in writing and signed to be enforceable, and a modification to the material terms of a mortgage loan must also be in writing and signed by the party to be charged. *See Schrock v. Fedreal Nat. Mortg. Ass'n*, No. CV 11-0567-PHX-JAT, 2011 WL 3348227, at *4 (D. Ariz. Aug. 3, 2011). The forbearance agreement is a modification of material terms of Plaintiffs' mortgage, namely the payments due to Chase. As such, it must be in writing and signed by Plaintiffs in order to satisfy the statute of frauds.[1]

Plaintiffs object that they were informed by Chase representatives that the trustee's sale would be postponed as long as the parties were working toward completing the forbearance agreement. Doc. 1-1, at 5 (Complaint ¶ 21). To the extent this allegation suggests that the parties entered into an oral contract to modify rights under the note and deed of trust, it too is barred by the statute of frauds.

---

[1] Other courts have held that reliance on alleged oral representations is unreasonable as a matter of law where the alleged representations contradict the express terms of an ensuing written agreement. *See, e.g.*, *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1295 (S.D. Fla. 2007).

- 4 -

Plaintiffs object that the forbearance agreement contains seemingly contradictory language. Doc. 16, at 3. While the agreement provides that it does not become valid until Chase receives a signed copy, it also states: "Please sign the original of this agreement and return it by February 15, 2009." Doc. 18-1, at 19. Plaintiffs contend that the terms of the forbearance agreement did not require that they return a signed copy by February 13, 2009, the date of the trustee's sale. Doc. 16, at 3.

The forbearance agreement clearly stated, on the first page, that it "will not be valid until a signed copy of the agreement is received in our office." Doc. 6-1 at 18. It also asked, on the second page, that it be signed and returned by February 15, 2009. *Id.* at 19. But the Court does not see how this helps Plaintiffs' breach of contract claim. At most, these terms would seem to suggest that the forbearance agreement would be valid if received in Defendant's office by February 15, 2009. Plaintiffs do not dispute that this did not occur – they do not dispute that the document was received on February 17, 2009. To the extent Plaintiffs are contending that they were misled by the February 15th date into believing that the trustee's sale would not occur on February 13th, being misled does not give rise to a breach of contract claim.

Moreover, in *Kelly v. NatinosBanc Mortg. Corp.*, 17 P.3d 790, 795 (Ariz. 2000), the court held that once a valid notice of trustee's sale is issued, the burden is on the plaintiff to stay informed about the status of the sale. Here, Plaintiffs attempt to abdicate responsibility for knowing that the sale would occur as scheduled on February 13, 2009 by arguing that it was effectively postponed by an implied representation from Chase. In *Schrock*, the court found that this type of claim is waived under A.R.S. § 30-811(C) if not raised, by obtaining an injunction, prior to the trustee's sale. *Schrock*, 2011 WL 3348227, at *4 ("[T]o the extent that [*Martenson v. RG Financing*, No. CV09-1314-PHX-NVW, 2010 WL 334648 (D. Ariz. Jan. 22, 2010)] holds that certain failures in the notice requirements survive the trustee sale," the *Schrock* court found that "the surviving notice claims are limited to cases where a foreclosed party did not receive the required notice of the original trustee sale."). Plaintiffs do not dispute that they received timely

notices of both the trustee's sale originally scheduled to take place on January 30, 2009, and the trustee's sale that actually occurred on February 13, 2009. Doc. 1-1, at 4-5 (Complaint ¶¶ 11, 22).

Finally, Plaintiffs have attached an Affidavit and Cancellation of Trustee's Deed to their response to Chase's motion to dismiss. Doc. 16, at 9-10; *see also* Doc. 1-1, at 7 (Complaint ¶ 43)). In the affidavit marked as an "unofficial document" the trustee states that the February 13, 2009 sale "is deemed nullified by the virtue of the fact that client did not intend to proceed with the foreclosure action. Chase Home Finance LLC inadvertently failed to notify the Trustee of this." Doc. 16, at 9. Chase does not dispute the authenticity of this affidavit, but notes that it contains "hearsay statements by a non-party to this lawsuit[.]" Doc. 17, at 1. Even taking Plaintiffs' factual allegations as true and construing them in the most favorable light, the Affidavit suggests that the trustee's sale was invalid – it does not give rise to a claim for breach of contract. The Court will grant the motion to dismiss Plaintiff's breach of contract claim.

### B.     Claim Two: Breach of the Implied Covenant of Good Faith.

Under Arizona law, the covenant of good faith and fair dealing is implied in every contract, and the "duty arises by virtue of a contractual relationship." *Rawlings v. Apodaca*, 726 P.2d 565, 569 (Ariz. 1986) (citations omitted). "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flow from their agreement or contractual relationship." *Id.*  To determine whether a plaintiff has an actionable claim for breach of the covenant of good faith and fair dealing, it is first necessary to determine what benefits flow from the contract or contractual relationship. *Id.* at 571.

The complaint alleges that "Defendant owed Plaintiffs a duty to deal fairly, and in good faith pursuant to the Contract, and breached that duty by the conduct alleged herein." Doc. 1-1, at 8. As an initial matter, it is unclear which contract the complaint refers to. The two valid contracts in this case are a promissory note and the deed of trust. The forbearance agreement is not a valid contract because Chase did not receive a signed

copy until after the trustee's sale.

Plaintiffs allege several facts indicating that Chase may have unduly delayed the completion of a forbearance agreement. *See* Doc. 1-1, at 4-5 (Complaint ¶¶ 16-19). However, the note and deed of trust do not require Chase to modify Plaintiffs' loan. Chase could not have acted to impair the rights afforded to Plaintiffs in the note and deed of trust on this basis. *See Wright v. Chase Home Fin. LLC*, No. CV-11-0095-PHX-JFM, 2011 WL 2173906, at *3 (D. Ariz. June 2, 2011). Because Plaintiffs have not stated a claim upon which relief can be granted, the Court will grant the motion to dismiss the breach of good faith claim.

### C. Claim Three: Fraud.

To prove a fraud claim in Arizona, nine elements must be established: "(1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity or ignorance of its truth, (5) the speaker's intent that the information should be acted upon by the hearer and in a manner reasonably contemplated, (6) the hearer's ignorance of the information's falsity, (7) the hearer's reliance on its truth, (8) the hearer's right to rely thereon, and (9) the hearer's consequent and proximate injury." *Taeger v. Catholic Family & Cmty. Serv.*, 995 P.2d 721, 730 (Ariz. App. 1999). "Mere conclusory allegations of fraud will not suffice; the complaint must contain statements of the time, place, and nature of the alleged fraudulent activities." *A.G. Edwards & Sons, Inc. v. Smith*, 736 F. Supp. 1030, 1033 (D. Ariz. 1989) (citing *Bosse v. Crowell Collier & MacMillan*, 565 F. 2d 602, 611 (9th Cir. 1977); *see also Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991) ("Federal Rule of Civil Procedure 9(b) requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme.").

The complaint fails to meet the heightened pleading requirements of Rule 9(b). Plaintiffs vaguely state that "[t]he Chase representative informed [them] that the trustee's sale would be postponed, as long as they were working toward completing the forbearance agreement," and that "Chase representatives assured [them] that they would

be able to save their home, as long as they abided by the terms of the forbearance agreement." Doc. 1-1, at 5 (Complaint ¶¶ 21, 25). Plaintiffs do not identify when they interacted with the Chase representatives, who the representatives were, or what the representatives' roles were within the alleged fraudulent scheme. Nor have Plaintiffs pled facts to show that the Chase representatives knew of the falsity of their statements. Plaintiffs allege that "Defendant acted with an evil mind by knowingly pursuing a course of conduct creating a substantial risk of significant harm to the economic interests of Plaintiffs," but legal conclusions couched as factual allegations are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1950. In light of these pleading deficiencies, the Court will grant the motion to dismiss the fraud claim.

### D. Claim Four: Negligent Misrepresentation.

Defendant argues that Plaintiffs' negligent misrepresentation should be dismissed because Plaintiffs have not sufficiently pled the elements of their fraud claim and because they had no right to rely on an oral representation that was contradicted by the written terms of the forbearance agreement. Doc. 14, at 6. "Negligent misrepresentation is a separate tort from that of intentional fraud." *McAlister v. Citibank*, 829 P.2d 1253, 1261 (Ariz. App. 1992). To prove negligent misrepresentation, "(1) there must be incorrect information given for the guidance of others in business dealings; (2) the party giving the false information intended that the other parties would rely on that information and failed to exercise reasonable care in obtaining or communicating that information; (3) the other parties were justified in relying on that incorrect information and actually relied to their detriment, and (4) such reliance caused their damages." *Auto Fin. Specialists, Inc. v. ADESA Phoenix, LLC*, No. CV-09-0200-PHX-JAT, 2010 WL 1925491, at *4 (D. Ariz. May 11, 2010) (citing *Taeger v. Catholic Family Cmty. Serv.*, 995 P.2d 721, 730 (Ariz. App. 1999)). Arizona courts have adopted the general rule that "[n]egligent misrepresentation requires a misrepresentation or omission of a *fact*. A promise of future conduct is not a statement of fact capable of supporting a claim of negligent misrepresentation." *McAlister*, 829 P.2d at 1261 (emphasis in original).

Plaintiffs have not identified the specific statements forming the basis of their negligent misrepresentation claim, stating only that Chase "made material representations to Plaintiffs as set forth in detail," and that "[t]hese affirmations and promises were completely false." Doc. 1-1, at 10 (Complaint ¶¶ 67-68). Accepting Plaintiffs' factual allegations as true, as the Court must at this stage, the Court identifies two relevant allegations relating to negligent misrepresentation by Chase. The first misrepresentation was that the trustee's sale would be postponed as long as Plaintiffs were working toward completing the forbearance agreement. Doc. 1-1, at 5 (Complaint ¶ 21). This misrepresentation relates only to future conduct, and cannot be the premise of a negligent misrepresentation claim.

The second misrepresentation was that Plaintiffs would be able to save their home as long as they abided by the terms of the forbearance agreement. Doc. 1-1, at 5 (Complaint ¶ 25). The complaint goes on to allege that "Chase failed to notify the Trustee of the forbearance agreement reached" with Plaintiffs, and as a result "the Trustee proceeded with the Trustee's Sale as scheduled on February 13, 2009." Doc. 1-1, at 5 (Complaint ¶ 26). If the misrepresentation occurred prior to the trustee's sale and it was possible at the time that the parties would enter into a valid forbearance agreement, then the alleged misrepresentation was merely a promise of future conduct which Arizona courts have held insufficient to support a claim of negligent misrepresentation. At the motion to dismiss stage, however, the Court must construe the factual allegations in the light most favorable to Plaintiffs. *Cousins v. Lockyer*, 568 F.3d at 1067.

Even if the facts alleged in the complaint support a negligent misrepresentation claim, the claim is barred by the statute of limitations. The statute of limitations for negligent misrepresentation is two years. A.R.S. § 12-542; *see Hullett v. Cousin*, 63 P.3d 1029, 1034 (Ariz. 2003); *Phoenix Payment Solutions, Inc. v. Towner*, No. CV-08-651-PHX-DGC, 2009 WL 3241788, at *2 (D. Ariz. Oct. 2, 2009). Arizona courts apply the discovery rule, *Anson v. Am. Motors Corp.*, 747 P.2d 581, 587 (Ariz. App. 1987), under which a cause of action does not accrue and the statute of limitations does not begin to

run until the plaintiff knows or should know with reasonable diligence the facts underlying the defendant's wrongful conduct that caused an injury. *Cannon v. Hirsch Law Office, P.C.*, 213 P.3d 320, 330-31 (Ariz. App. 2009). Most cases applying the discovery rule have a common thread: requiring that "[t]he injury or the act causing the injury, or both, have been difficult for the plaintiff to detect." *Gust, Rosenfeld & Henderson v. Prudential Ins. Co.*, 898 P.2d 964, 967 (Ariz. 1995).

According to the complaint, Chase representatives made the alleged misrepresentations before or around the time of the February 13, 2009 foreclosure. Doc. 1-1, at 5. Plaintiffs would have realized the misrepresentations when they returned to their home on or about February 17, 2009, and found that the locks had been changed. Doc. 1-1, at 5-6 (Complaint ¶¶ 28-29). Plaintiffs filed their complaint in Navajo County Superior Court more than two years later, on May 26, 2011. *See* Doc. 1-1. The Court will grant the motion to dismiss the negligent misrepresentation claim as time-barred.

### E. Claim Five: Conversion.

Chase argues that because it had a right to foreclose, Plaintiffs have no viable claim for any personal property they may have chosen to leave behind. Doc. 14, at 6. Chase has not cited any authority to support this assertion.

The statute of limitations for a conversion claim is two years. A.R.S. § 12-542(5). Here, Plaintiffs allege that upon their return to the Property on or about February 17, 2009, they discovered that the locks had been changed. Doc. 1-1, at 5-6 (Complaint ¶¶ 28-29). This is not a case where the applicable statute of limitations should be tolled under the discovery rule, discussed above, because Plaintiffs clearly had no difficulty detecting the injury. Because Plaintiffs did not file their complaint until more than two years after they had discovered the foreclosure, this claim is time-barred.

### F. Claim Six: Unjust Enrichment/Quantum Meruit.

Plaintiffs must prove five elements to make a case for unjust enrichment: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment;

(5) an absence of a remedy provided by law." *Cmty. Guardian Bank v. Hamilton*, 898 P.2d 1005, 1008 (Ariz. App. 1995).

Plaintiffs claim that they "have conferred a benefit" to Chase "pursuant to and during the course of the Contract," that these benefits were conferred "at the expense of and to the detriment of Plaintiffs' interests," that the benefits were not conferred as a gift, that Chase knew Plaintiffs expected to receive a benefit in return, and that Chase "subsequently repudiated many of its contractual promises[.]" Doc. 1-1, at 12. Plaintiffs have a remedy at law because their claims are contractual, based on the note and deed of trust. The Court will grant the motion to dismiss the unjust enrichment claim.

## IV. Leave to Amend.

Plaintiffs have requested leave to amend their complaint. Doc. 16, at 5. Leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Court will grant Plaintiffs leave to amend.

**IT IS ORDERED:**

1. Defendant Chase's renewed motion to dismiss (Doc. 14) is **granted**.

2. Plaintiffs may file an amended complaint on or before **April 27, 2012**.

Dated this 4th day of April, 2012.

David G. Campbell
United States District Judge